**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VINCEL KING CHAMBERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:26-cv-01000-JSD |
| | ) | |
| SEAN COMBS and JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

Now before the Court is self-represented Plaintiff Vincel King Chambers's civil complaint against Sean "P. Diddy" Combs and an unknown defendant. ECF No. 1. As explained in detail below, this is not the proper venue for this civil action, but the interests of justice do not mandate transfer. As such, this case will be dismissed. *See* 28 U.S.C. §§ 1391, 1406(a).

## Procedural History

On June 24, 2026, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis* and ordered him to pay an initial partial filing fee of $6.80 within thirty (30) days. ECF No. 4. When the payment had not been received by the deadline, the Court issued a Show Cause Order, directing Plaintiff to explain why the payment had not been made. ECF No. 5. In response, Plaintiff filed paperwork showing that he had insufficient funds in his inmate account. ECF No. 6. Consequently, the Court will allow this case to proceed without the initial payment, *see* 28 U.S.C. § 1915(b)(4), but Plaintiff is reminded that he is required to pay the full $350 filing fee through monthly deductions from his inmate account when the account balance exceeds $10. *See* 28 U.S.C. § 1915(b)(1); ECF No. 5 at 1-2.

**Complaint**

Plaintiff alleges that he met Defendant "Music Artist" Sean Combs in 2007, when Plaintiff was fifteen (15) years old and visiting family in Brooklyn, New York. ECF No. 1 at 2, 6. Defendant Combs and "another kid that looked to be around [Plaintiff's] age" approached Plaintiff "in a very nice car," and the "kid" asked Plaintiff if he "wanted to hang with him and P. Diddy." Plaintiff further alleges that Defendant Combs drove him to a hotel, offered him alcohol that Plaintiff now believes contained "date rape drugs," and raped him. *Id.* at 6. Afterward, Defendant Combs threatened him with a gun and told him that "[he] better not say anything to anyone" and that if he did, he had "the power" to make Plaintiff "disappear." *Id.* at 7. When Plaintiff got back into the car to leave with them, the "kid made [Plaintiff] give him oral sex" at gun point. *Id.*

Plaintiff asserts that, because of the sexual assault, he now suffers from physical pain, psychological damage, schizophrenia, major depressive disorder, PTSD, and bipolar disorder. *Id.* at 8. Plaintiff seeks $250,000.00 in monetary damages. *Id.* at 6, 8.

**Improper Venue**

Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction. Furthermore, under 28 U.S.C. § 1406(a), when a case is filed in a district where venue is not proper, the District Court can either dismiss the action, or if it is in the interest of justice, the Court can transfer the case to any district or division in which it could have been brought.

Plaintiff has alleged no basis for venue being proper in this Court. Plaintiff makes no allegation of any act or omission occurring within the jurisdictional boundaries of this Court, nor does Plaintiff allege that either Defendant resides within this district. None of the requirements of § 1391 are present in this case. Accordingly, venue in the Eastern District of Missouri is not proper.

Furthermore, based on a review of federal court records, this is one of multiple duplicative civil actions brought by Plaintiff in courts across the country regarding the same set of general facts. *See Chambers v. Combs*, No. 1:25-cv-3217 (S.D.N.Y. filed Apr. 15, 2025); *Chambers v. Combs*, No. 1:26-cv-22237 (S.D. Fla. filed Mar. 31, 2026). Although Plaintiff is currently incarcerated in this judicial district, the allegations of the Complaint occurred in 2007 in Brooklyn, New York— located within the jurisdictional boundaries for the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 112(c). That District Court has already considered two (2) substantially similar actions against Defendant Sean Combs and dismissed both for lack of subject matter jurisdiction. *See Chambers v. Combs*, No. 1:25-cv-4203 (E.D.N.Y. filed July 29, 2025) (dismissed Nov. 19, 2025); *Chambers v. Combs*, 1:26-cv-4011 (E.D.N.Y. filed June 29, 2026) (dismissed Aug. 28, 2026). As such, the interests of justice do not mandate transfer of this action to the proper venue of the Eastern District of New York. Because transfer would be pointless, the Court will dismiss this action.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED for lack of proper venue**. *See* 28 U.S.C. §§ 1391, 1406(a).

**IT IS FURTHER ORDERED** that the institution having custody of Plaintiff shall, whenever the amount in Plaintiff's prison account exceeds $10.00, send monthly payments that equal 20 percent of the funds credited to the account the preceding month to the United States District Court for the Eastern District of Missouri Clerk's office, pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee of $350 is paid in full.

An Order of Dismissal shall be filed with this Memorandum and Order.

Dated this 4th day of September, 2026.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE